The STATE ex rel. GIEL

v.

INDUSTRIAL COMMISSION OF OHIO et al.

[Cite as State ex rel. Giel v. Indus. Comm. (1993), 88 Ohio App.3d 96.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP-873.

Decided May 27, 1993.

*Mary Jo Cusack,* for relator.

*Lee Fisher,* Attorney General, *Cordelia A. Glenn* and *Dennis L. Hufstader,* Assistant Attorneys General, for respondent Industrial Commission of Ohio.

TYACK, Judge.

On June 30, 1992, John J. Giel filed an original action in this court entitled "complaint in mandamus and procedendo." Giel seeks a writ of mandamus compelling the Industrial Commission to enter an order granting him permanent total disability compensation. In the alternative, he seeks a writ of procedendo compelling the Industrial Commission to proceed to process his application for permanent total disability compensation without further medical examinations. He also asks that the writ compel the Industrial Commission to act in accordance with applicable law and with medical proof already in the claim file.

Counsel for the Industrial Commission responded with a motion to dismiss the action, which was overruled. The action was referred to a referee of this court pursuant to Civ.R. 53(C) and Section 13, Loc.R. 11 of the Tenth District Court of Appeals to conduct appropriate proceedings. The parties then stipulated the applicable evidence, filed briefs and presented oral argument before the referee. The referee subsequently filed a report which recommended that relief be denied to Giel.

Counsel for Giel has filed a detailed objection to the report of the referee. The action is now before us for a full, independent review.

The stipulated evidence indicates that Giel was employed for many years as a carpet layer. He injured his back in August 1983 while moving a piano as part of his carpet-laying duties. A claim was allowed for "lumbo-sacral strain" initially and for "aggravation of pre-existing lumbar degenerative disc disease" at a later time.

Giel has also suffered with problems in both knees as a result of his work. He has had claims allowed for "pre-patella bursitis, left," "unspecified injury to right knee," and "right knee, pre-patella bursitis, light aggravation of plica-syndrome and/or gradually progressive patella femoral arthritis right knee."

On March 19, 1990, Giel filed an application for permanent total disability compensation. On May 18, 1990, a staff hearing officer issued an order dismissing the application allegedly because the medical evidence submitted did not demonstrate that Giel was permanently and totally disabled. Almost eleven months later, a different staff hearing officer vacated that order and entered a new order that the application be processed. As a result, Giel was referred to commission specialist Sheldon Kaffen, M.D., for an examination.

Dr. Kaffen, after conducting the examination on October 10, 1991, filed a report which concluded:

"OPINION: It is my opinion that this claimant is permanently and totally impaired from engaging in any sustained remunerative employment based solely on the allowed conditions of these claims. It is my opinion that his injuries represent an impairment of 90 percent of the body as a whole."

The report was filed with the Industrial Commission on October 30, 1991. This led in March 1992 to the preparation and circulation of a tentative order granting the permanent total disability compensation. One member of the Industrial Commission voted for the order. Two members voted against the order. Two members never signed the tentative order while indicating a vote one way or the other.

In May 1992, an attorney with the Industrial Commission's legal section prepared a statement of facts and recommendation that permanent total disability compensation be awarded. The application was scheduled for hearing before the Industrial Commission on June 2, 1992. On the June 2, 1992 date, the Industrial Commission took no formal action. A memorandum dated June 8, 1992 from Cindy Davis of claims management to the Cleveland medical section stated:

"It is the decision of the Industrial Commission to hold claimant's motion in abeyance; claim files be referred to the Cleveland Medical Section to arrange for an additional examination on all allowed conditions on the question of permanent total disability; once report is on file, claim files be returned to the Attorney Unit for preparation of supplemental statement of facts and the matter to be reset for permanent total disability hearing with notices to all parties."

Less than two weeks later, Giel filed this mandamus/procedendo action.

The record clearly shows that Giel is unemployed and the medical proof presently in the claim file indicates that he cannot be employed. His application for permanent total disability compensation has been processed for over three years without resolution. An individual would be hard-pressed to aggregate impairments greater than the ninety-percent total impairment suffered by Giel, as found by Dr. Kaffen. Yet, the Industrial Commission, instead of granting the

permanent total disability compensation, recommended by its specialist and by its legal staff, has chosen to ask to have Giel examined by a second commission specialist, for reasons not revealed on the record. The circulation of the tentative order granting permanent total disability compensation stopped, for reasons not revealed.

Under the circumstances, it is easy to understand why Giel and his counsel would infer that the Industrial Commission is so reticent to grant permanent total disability compensation that it will go to great lengths to delay or avoid such an award. We also fully understand why Giel and counsel would file an action demanding that the Industrial Commission do its duty. They are within their rights to ask the courts of this state to exercise oversight in such situations.

Perhaps some valid reason for having another medical examination in Giel's case exists. However, the record before us does not reveal the reason and the "order" of the Industrial Commission for the examination is completely silent as to the rationale behind it. The silence, coupled with the highly irregular course of the proceedings demonstrated by the handling of his particular claim, makes it possible or even probable that the claimant will perceive devious or dishonorable motives as the reason for the delays and reexamination.

As a result, we sustain the objection to the referee's report. We issue a writ of mandamus ordering the Industrial Commission to vacate its "order" for a second medical examination and direct the Industrial Commission either to consider the application for permanent total disability compensation based upon the information already present in the file, or to enter a true order which sets forth in detail the reasons why another medical examination is necessary or even helpful before the Industrial Commission can determine whether Giel is entitled to permanent total disability compensation.

*Objection sustained*
*and writ granted.*

PEGGY BRYANT, P.J., and STRAUSBAUGH, J., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.